ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
CHRISTIAAN H. HIGHSMITH (CABN 296282)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6915
    FAX: (415) 436-6982
    chris.kaltsas2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUBSTITUTE RES AGREEMENT CONCERNING UNI-TILE & MARBLE | Case No. 3:23-mj-71470-TSH<br><br>SUBSTITUTE RES AGREEMENT ; ORDER |

    IT IS HEREBY STIPULATED by and between plaintiff United States of America and potential claimant, Xin Mian PAN (a/k/a Henry PAN) ("Claimant," collectively the "parties"), through their respective counsel of record, to the entry of this Substitute Res Agreement (the "Agreement"). To that end, the parties hereby agree that:

    1.    Claimant acknowledges that he has been informed and advised of his right to retain counsel of his own choosing to represent him, and that he enters into this agreement upon the advice of his own counsel.

    2.    Claimant represents that he has carefully read and understands the scope and effect of the provisions of this Agreement with the assistance of his counsel.

SUBSTITUTE RES AGREEMENT

3. Property described in Exhibit A that is highlighted in yellow ("Yellow-Highlighted Property") is subject to the terms set forth in the Temporary Restraining Order issued in this matter.

4. Property described in Exhibit A that is not highlighted in yellow (the "Restrained Property") is subject to the terms of this Agreement.

5. The parties agree that Claimant may coordinate with Customs and Border Protection, Homeland Security Investigations, or the United States Marshals Service to seek to have certain Restrained Property be changed in status to Yellow-Highlighted Property subject to agreement by the parties.

6. This Agreement is made for the purposes of allowing Claimant to sell Restrained Property and allowing the United States of America to seek forfeiture of any and all proceeds from the sales of said Restrained Property through civil, criminal, or administrative proceedings.

7. The parties agree that Claimant may sell Restrained Property subject to the terms of this Agreement.

8. Claimant will create a record documenting each and every sale of Restrained Property (the "Records"). The Record relating to a sale of Restrained Property will consist of documentation that includes proof of sale, location of sale, date and time of sale, price of sale (including a photograph or digital copy of any receipts produced to buyers of the Restrained Property), good(s) sold, quantity of good(s) sold, and identity of buyer.

9. Claimant will provide a copy of the Records to the United States of America on a bi-weekly basis. The United States of America may request and inspect said Records subject to this Agreement with reasonable notice to Claimant.

10. Parties will create an escrow account to hold the proceeds of any and all sales of Restrained Property. Claimant will deposit all proceeds of any and every sale of Restrained Property into said escrow account. Claimant will provide records of any and all deposits into the escrow account to the United States of America on a monthly basis, along with monthly balance statements.

11. Neither party may withdraw funds from the escrow account without the express and written agreement from both parties.

SUBSTITUTE RES AGREEMENT

12. Claimant agrees that agents and employees of Customs and Border Protection, Homeland Security Investigations, or the United States Marshals Service, may enter Claimant's premises with reasonable notice to Claimant solely for purposes of inspecting the Restrained Property and ensuring compliance with the terms of this stipulation.

13. Claimant agrees to assume all liability for the Restrained Property, including, but not limited to, storage costs on his properties pending disposition of any potential civil, criminal, or administrative proceeding, or pending any property custody agreement with Customs and Border Protection, Homeland Security Investigations, or the United States Marshals Service, except for any Restrained Property that Customs and Border Protection agents previously removed from Claimant's premises and thus are no longer on premises within Claimant's custody or control. Restrained Property no longer in Claimant's custody or control will be stored where it is currently stored at the expense of the party storing the Restrained Property.

14. If Claimant (1) fails to accurately record the sale price of any good(s) sold pursuant to the terms of this Agreement; (2) purposefully deflates the value of any goods sold; or (3) otherwise attempts to sell the goods listed on Exhibit A outside the terms of this Agreement, Claimant agrees that the United States may seek immediate forfeiture of any funds in the escrow account relating to the sale of the applicable goods through civil, criminal, or administrative means.

15. All parties are to bear their own costs and attorneys' fees in connection with the custody and sale of Restrained Property and the preparation of this Agreement.

16. This agreement constitutes the entire Agreement of the parties and relates solely to the matters described in this agreement, except to the extent that this Agreement supersedes the Stipulated Temporary Restraining Order in Case Number 3:23-mj-71470-TSH.

17. This stipulation shall be construed in accordance with federal law, and any conflict over the terms and conditions of this Agreement must be decided by the Court as part of any civil, criminal, or administrative proceeding concerning Claimant or the Restrained Property, or prior to or in the absence of such proceedings being initiated, in front of Magistrate Judge Hixson, including the distribution or use of the Restrained Property or the funds from the sale of said Property.

SUBSTITUTE RES AGREEMENT

18. The interlocutory sale of the defendant property, the substitution of the net sales proceeds from those sales, and this stipulation shall not affect any rights or remedies the parties may have to litigate their claims to the Restrained Property and Yellow-Highlighted Property.

IT IS SO STIPULATED.

DATED: 9/28/23

ISMAIL J. RAMSEY
United States Attorney

CHRIS KALTSAS
CHRISTIAAN HIGHSMITH
Assistant United States Attorneys

DATED: September 28, 2023

GEORGE D. NIESPOLO
GEOFFREY M. GOODALE
Attorneys for Claimant Xin Mian Pan

DATED: September 28, 2023

XIN MIAN PAN
Claimant

SO ORDERED.

DATED: 6/10/2024

HONORABLE HAYWOOD S. GILLIAM, JR,
United States District Judge

SUBSTITUTE RES AGREEMENT